IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOAST TEMPLE,<br><br>                    Petitioner,<br><br>    vs.<br><br>NDCS,<br><br>                    Respondent. | **8:24CV378**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Toast Temple's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court will dismiss the petition without prejudice because Petitioner's claim is not cognizable in a federal habeas proceeding and, alternatively, Petitioner has not exhausted his state court remedies.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to his no contest pleas, Petitioner was convicted in Hall County District Court case numbers CR22-246, CR22-661, and CR22-663 of possession of a deadly weapon by a prohibited person, attempted theft by taking in excess of $5,000.00, and attempted assault by a confined person and was sentenced on May 31, 2023, to concurrent prison terms of 2 years, 2 years, and 3 years. Filing No. 1 at 1. Petitioner filed his habeas petition in this Court on September 26, 2024, when he was confined in the Omaha Correctional Center. In his petition, Petitioner claims the Nebraska Department of Correctional Services ("NDCS") incorrectly calculated his good time by failing to award him credit for the "sixty-two days of jail time served"

and awarded to Petitioner at his sentencing by Hall County District Court Judge Andrew Butler. Filing No. 1 at 5. Petitioner claims, "NDCS has interpreted this incorrectly and awarded me only nine days, effectually illegally detaining me an additional fifty-three days." Filing No. 1 at 5.

Petitioner did not file a direct appeal of his convictions and sentences, nor has he filed any motions for postconviction relief. Filing No. 1 at 2–3, 6. Petitioner explains in his petition that he is "not appealing [his] conviction" and only wants to be "awarded the good time Judge Butler afforded me." Filing No. 1 at 5. Petitioner states, "I've done all I can do communicating with Hall County District Court, judge Butler and the department of corrections," Filing No. 1 at 5, which includes "Ex Parte communication w[ith] judge Butler, Clerk of the District Court[,] [and] written Inmate Interview Requests and grievances to NDCS," Filing No. 1 at 7.

Petitioner also alleged in his petition that he had been sentenced to a two-year term of post release supervision following his term of imprisonment. Filing No. 1 at 13. On December 9, 2024, Petitioner filed a notice of change of address with the Court indicating that he had been released from the Omaha Correctional Center and was no longer incarcerated. Filing No. 7. NDCS' online inmate records confirm that Petitioner was released on December 4, 2024, to post release supervision.[1]

## II. DISCUSSION

Petitioner's sole ground for habeas relief is NDCS' alleged failure to award him all credit to which he is entitled against his sentence for time served prior to and awarded at his sentencing. Upon careful review of the petition, the Court concludes Petitioner's claim is not cognizable in a federal habeas proceeding because it only raises questions of state law, specifically

---

[1] *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited May 15, 2025).

the credit Petitioner is entitled to under Neb. Rev. Stat. § 83-1,106.[2] *See Shelby v. Blissett*, No. 4:25-CV-00169 JAR, 2025 WL 1088793, at *2 (E.D. Mo. Mar. 19, 2025) (summarily dismissing habeas petition challenging corrections department's application of jail time credits to his sentence under Missouri statute) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Collar v. Minor*, No. 4:12-CV-602-TCM, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding)).

Even if the Court liberally construed Petitioner's claim as asserting a federal constitutional claim, the Court concludes the petition still must be summarily dismissed as the face of the petition and Petitioner's state court records, available to this Court online, establish that Petitioner has not exhausted his available state court remedies.

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[2] Section 83-1,106 provides, in relevant part:

(1) Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services, the county board of corrections, or, in counties which do not have a county board of corrections, the county sheriff.

Neb. Rev. Stat. § 83-1,106.

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

In Nebraska, inmates who wish to challenge the computation of their sentences may do so by filing a declaratory judgment action in state court. *Logan v. Dep't of Corr. Servs.*, 254 Neb. 646, 578 N.W.2d 44 (1998) (district

4

court had jurisdiction over inmate's declaratory judgment action seeking to prevent prison officials from misinterpreting the law regarding the calculation of inmate's three prison sentences); *see also Richard v. Nebraska Dep't of Corr. Servs.*, No. A-21-992, 2023 WL 139219 (Neb. Ct. App. Jan. 10, 2023) (affirming denial of inmate's declaratory judgment claim for failure to state a claim where allegations established inmate's parole eligibility date and tentative release date were not miscalculated); *Johnson v. Frakes*, No. A-20-037, 2020 WL 7034415 (Neb. Ct. App. Dec. 1, 2020) (affirming district court's grant of summary judgment denying inmate declaratory relief regarding calculation of parole eligibility date).

Here, Petitioner alleges only that he has done all he can to petition the Hall County District Court for relief and has filed grievances with NDCS. Filing No. 1 at 5, 7, 12. However, Petitioner does not allege that he has sought declaratory relief with respect to the computation of his sentence, and Nebraska's state court records, available to this Court online,[3] confirm that Petitioner has filed no such action in any state court. The State of Nebraska should be accorded the first opportunity to review the proper calculation of a prisoner's sentence, and Petitioner failed to afford the State an opportunity to do so by seeking declaratory relief in the state courts prior to filing his habeas petition in this Court. Accordingly, the Court finds that Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust his available state remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of

---

[3] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Temple*, Case Nos. CR22-246, CR22-661, and CR22-663, District Court of Hall County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 19th day of May, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge